UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:24-CR-013-CHB- |
| ) | HAI-1 |
| v. ) | |
| ) | |
| DAVID W. MORRIS, ) | **ORDER ADOPTING** |
| ) | **RECOMMENDED DISPOSITION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 10]. The Recommended Disposition addresses the conditions of Defendant David W. Morris's supervised release that he was alleged to have violated.

By way of background, judgment was entered against Morris in the Western District of Kentucky in November 2011 following his guilty plea to two child pornography counts. *See* [R. 1-3]. At that time, Morris was sentenced to 151 months of imprisonment on each count, to be served concurrently, to be followed by a lifetime term of supervised release for both counts. *See id.* at 2–4.

Morris was released from custody in September 2020, but his release was quickly revoked after he was found guilty of various violations in November 2020. *See* [R. 10, p. 1]. For that revocation, Morris was sentenced to four months of imprisonment, and he was again released from custody on March 5, 2021, to begin service of his lifetime term of supervised release. *See id.* As a special condition of his release, Morris was required to participate in a residential reentry center program at Dismas Manchester in Clay County, Kentucky; his supervision was then overseen by the Eastern District of Kentucky (this District). *See id.* at 1–2. Earlier this year, jurisdiction in

this matter was transferred to this District from the Western District of Kentucky. *See id.* at 2; *see also* [R. 1].

On March 1, 2024, the United States Probation Office ("USPO") provided the Court with a Supervised Release Violation Report ("the Report"), which charges Morris with six violations of the conditions of his release. Violation No. 1 alleges violation of the condition that Morris must live at a place approved by his probation officer and notify his officer of any changes in residence. Violation No. 2 alleges violation of the condition that Morris must follow the instructions of his probation officer related to the conditions of supervision. Violation No. 3 alleges violation of the condition that requires Morris to comply with any sex offender registration laws of any state in which he resides, is employed, carries on a vocation, or is a student. Violation No. 4 alleges violation of the condition that prohibits Morris from unlawfully possessing a controlled substance. Violations No. 5 and No. 6 allege violations of the condition that Morris not commit another federal, state, or local crime. On March 26, 2024, the USPO issued an Addendum to the Report.

On March 8, 2024, Magistrate Judge Edward B. Atkins conducted an initial appearance on the Report pursuant to Rule 32.1. *See* [R. 7]. At the initial appearance, Morris "competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing." *Id.* Following that hearing, Morris was ordered detained upon the granting of the government's motion. *See id.*

On March 26, 2024, Morris appeared before Magistrate Judge Ingram for a final hearing in this matter. *See* [R. 9]. At that time, Morris waived a formal hearing and stipulated to all six violations set forth in the Report. *See id.* Magistrate Judge Ingram found that Morris was competent to stipulate to the violations and that the stipulation was competently, knowingly, voluntarily, and intelligently entered into and was consistent with the advice of his counsel. *See id.*

Following the final hearing, Magistrate Judge Ingram issued a Recommended Disposition that recommends Morris's term of supervision be revoked, that he be sentenced to a term of imprisonment of eight months, that the Court reimpose a term of lifetime supervision (but that Morris's Special Conditions be replaced by updated conditions as described in the recommendation), and that an additional condition be added requiring Morris to reside for six months at Dismas in Manchester, Kentucky, following his release. *See id.* at 15. Magistrate Judge Ingram explained his reasoning for these recommendations. In particular, Magistrate Judge Ingram observed that revocation in a case of this nature is mandated by statute and is recommended by the Guidelines; he further considered the statutory factors, the Guidelines range (four to ten months), and the parties' recommendations. *See id.* at 5–15.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections were to be filed within fourteen days. *See id.* at 15. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Morris has filed a Waiver of Allocution. *See* [R. 12-1].

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition **[R. 10]** is **ADOPTED** as the Opinion of the Court.

2. Morris is found **GUILTY** of all violations.

3. Morris's supervision is **REVOKED**.

4. Morris is **SENTENCED** to a term of **eight months** of imprisonment, and his **lifetime** term of supervision is reimposed.

5. Morris's Special Conditions **SHALL BE** replaced with the Special Conditions used in this District for sex offenders following the Sixth Circuit's decision in *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012), including a review after ten years of Morris's progress and his conditions. *See* [R. 10, pp. 12–13].

6. An additional condition that, upon release, Morris shall reside for six months at Dismas in Manchester, Kentucky, **SHALL** also be added.

This the 30th day of April, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY